[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
The defendant has moved for summary judgment on Counts one through five of the plaintiffs substitute complaint. Count one alleges breach of contract; Count two alleges breach of the implied covenant of good faith and fair dealing; Count three alleges fraudulent misrepresentation; Count four alleges violation of the Connecticut Unfair Trade Practices Act; Count five alleges violation of the Franchise Act.
The defendant advances several arguments in support of its motion. The first argument is that the Doctrines of Res Judicata and/or Collateral Estoppel preclude the plaintiff from re-asserting claims already litigated and upheld on appeal in the federal action. The instant action was initially brought in federal court in July of 1989 and was subsequently dismissed for want of subject matter jurisdiction in July of 1993.
A subject matter dismissal makes null and void any and all actions taken by the court before dismissal. "Proceedings conducted or decisions made by a court are legally void where there is an absence of jurisdiction over the subject matter. (citations omitted)" Farricielli v. Personnel Appeal Board,168 Conn. 198, 206 (1987). Accordingly neither Res Judicata nor Collateral Estoppel Doctrines preclude the plaintiff from asserting the claims made in the instant complaint.
Plaintiffs other arguments as to bars of applicable statutes of limitations and as to the employment status of the plaintiff are fact based issues. In the absence of affidavits as to undisputed facts in support of the substantive claims, this court concludes that there are factual issues which preclude finding as a matter of law that the fraud claim, the CUTPA claim and the claim under the Franchise Act are waived because of time limitations. The same is true with respect to the employment status of the plaintiff and the CUTPA claim. Accordingly, the motion for summary judgment is denied.
Mary Hennessey, J.